UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MICHAEL REEVES,

                                            Plaintiff,        **COMPLAINT**

      -against-

                                       Jury Trial   Yes [X]   No [ ]

UNITED STATES OF AMERICA (USA),

                                       Docket #:

                             Defendant.
------------------------------------------------------------------x

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

      Plaintiff, Michael Reeves ("Plaintiff" or "Mr. Reeves") by his attorneys, JAMES NEWMAN, P.C., for his Complaint against the Defendant, Unites States of America ("Defendant" or "United States"), states as follows:

**STATEMENT OF THE CASE**

      1.    This complaint arises from the tortious actions taken by the Immigration and Customs Enforcement ("ICE") that caused Mr. Reeves to be unlawfully arrested on June 25, 2018 at approximately 10:00 a.m. outside his home located at 874 E. 156th Street, Bronx, New York 10456. During the course of his arrest ICE agents applied excessive and unnecessary force to Mr. Reeves, causing the fracture and dislocation of Mr. Reeve's right shoulder requiring emergency hospitalization, as well as subsequent and ongoing medical care for his severe and permanent right shoulder injuries.

      2.    In addition, as a direct result of the tortious actions by the Defendant, Mr. Reeves was caused to be falsely and wrongfully imprisoned for 414 days at the Essex County Correctional Facility in Newark, New Jersey.

      3.    Pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.*, Plaintiff seeks to hold the United States liable for the damages Mr. Reeves has

suffered due to an erroneous immigration order and detainer issued by ICE that precipitated Plaintiff's unlawful arrest on June 25, 2018. As a direct result therefrom, Plaintiff has been caused to suffer severe and permanent injury to his right shoulder, severe and permanent mental and physical pain and suffering, loss of liberty, loss of earnings, and wrongful imprisonment in the Essex County Correctional Facility for 414 days.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 because it arises under the laws of the United States.

5. This Court has jurisdiction over plaintiff's FTCA claims pursuant to 28 U.S.C. §§ 1346(b), 2675 as Plaintiff submitted a Standard Form 95 claim to U.S. Immigration and Customs Enforcement ("ICE") on September 20, 2018, seeking damages of $10 million dollars. ICE denied Plaintiff's claim pursuant to 28 U.S.C. §2401(b) by virtue of the expiration of the 6-month statute.

6. Venue is prior in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(e)(1)(B) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

7. Finally, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1)(C) because Plaintiff resides in the district and the defendant is the United States.

## PARTIES

8. Plaintiff, Michael Reeves, an asylee, was wrongfully arrested by at least six (6) plain-clothed ICE agents outside his Bronx, New York home on June 25, 2018 at

2

approximately 10:00 a.m. At the time of his arrest Mr. Reeves had left his home at approximately 9:45 a.m. with his girlfriend, Lisa DeLeone, and returned to the premises in order to retrieve Ms. DeLeon's purse, which she had mistakenly left inside the home. On his way out of their apartment building Mr. Reeves noticed several plain-clothed individuals running towards him from multiple locations outside the front of his home. At no time did any of these individuals identify themselves as ICE agents, or law enforcement, and never displayed any badge(s) or identifying documents prior to Plaintiff's arrest. Before he could react, Mr. Reeves was assaulted by an ICE agent from behind who tackled the Plaintiff to the ground, applying a dangerous choke-hold type maneuver around his neck. The assaulting ICE agent(s) slammed Mr. Reeves to the ground, impacting Plaintiff's right shoulder with the ground causing a dislocation and fracture of the right shoulder joint with significant tearing of Plaintiff's right rotator cuff, labrum and biceps tendon.

9. Defendant the United States of America is responsible for injuries caused by investigative or law enforcement officers resulting from wrongful arrest, false imprisonment and/or negligent acts or omissions by the Department of Homeland Security's ("DHS") ICE agents acting within the scope of their employment and for the benefit of their employer, in accordance with the law of the state where the act or omission occurred.

10. In this case, ICE acted tortuously when they caused plaintiff to be wrongfully arrested, used excessive force inflicting severe and permanent injuries, and detained Plaintiff in a prison facility for 414 days. ICE agents are investigative, or law enforcement officers as defined by 28 U.S.C. §§ 2680(h).

## FACTUAL ALLEGATIONS

11. This complaint arises from the tortious actions taken by the Immigration and Customs Enforcement ("ICE") when at least six (6) unidentified plain-clothed ICE agents unlawfully arrested the Plaintiff on June 25, 2018 at approximately 10:00 a.m. outside his home in the Bronx, New York. The identifying information currently known of the aforementioned ICE officers are as follows: (1) Officer Santana, badge #: H-7087; (2) Officer Chan, badge #: S 6667; (3) Officer Aguilera, Jr., badge #: 6796; (4) Officer Callender, badge #: 1114; (5) unknown ICE officer #1; (6) unknown ICE officer #2.

12. During this illegal arrest several of the ICE agents approached Plaintiff from behind, applied a choke-hold type maneuver around his neck, and slammed him to the ground, fracturing and dislocating Plaintiff's right shoulder. The ICE agents' use of force against Mr. Reeves was wholly unnecessary and disproportionate as he did not resist in any way when the agents arrested him.

13. Despite his pleas of severe pain and repeated notification to the ICE agents of being seriously injured to his right shoulder and arm, the ICE agents tightly handcuffed Mr. Reeves behind his back and placed him in the back of an ICE vehicle. While in the back of the ICE vehicle Plaintiff pleaded with the ICE agents in the front seat to loosen and/or remove his handcuffs due to his agonizing pain, however they disregarded his request accusing him of being a liar and that nothing was wrong.

14. The manner and duration in which the handcuffs were applied to Plaintiff given his severe and obvious right shoulder injuries was wholly unnecessary given the circumstances, and intentionally done by the ICE officers in order to inflict additional and unnecessary mental and/or physical distress and pain.

15. At the time of Plaintiff's wrongful arrest on June 25, 2018 the arresting ICE officers were acting under an erroneous belief that Plaintiff had a final removal order regarding his immigration status in the United States. At the time of the arrest the ICE officers negligently and improperly confused a prior administrative closure of Mr. Reeve's immigration proceedings for a final removal order. This led to Plaintiff's improper and false arrest of June 25, 2018, which involved excessive force leading to his severe and permanent right shoulder injuries and wrongful imprisonment in the Essex County Correctional Facility for 414 days.

16. The arresting ICE agents failed to reasonably investigate Mr. Reeves' case before issuing the unlawful order of removal and prior to performing the unlawful arrest. Had ICE adequately investigated Plaintiff's case it would have reasonably been discovered that there was no termination of his immigration proceedings and no valid order of removal pending. ICE would have therefore reasonably discovered that Mr. Reeves' immigration proceedings had been administratively closed and there was no basis whatsoever for his arrest.

17. Due to the severity of his right shoulder injuries sustained during his June 25, 2018 arrest Plaintiff was eventually transported to New York Presbyterian Hospital in Lower Manhattan on June 25, 2018 where he was diagnosed with an anterior glenohumeral dislocation of the right shoulder with impaction of the superoposterior aspect of the humeral head onto the anteroinferior glenoid rim, as well as a crescentic ossific fragment adjacent to the inferior aspect of the glenoid consistent with a bony Bankart lesion and crescentic defect at the superolateral aspect of the humeral head consistent with Hill-Sachs impaction injury.

18. In order to relocate Plaintiff's right shoulder into anatomical alignment he was caused to undergo a procedure on June 25, 2018 involving a closed reduction of the right shoulder performed at New York Presbyterian Hospital.

19. Subsequently, Plaintiff underwent a second operative procedure involving a right shoulder closed reduction under general anesthesia on June 29, 2018 at New Bridge Medical Center in Paramus, New Jersey due to persistent subacromial anterior dislocation and joint instability of the right shoulder. At that time plaintiff was diagnosed with an acute fracture of the right shoulder.

20. Due to ongoing severe pain, stiffness and persistent decreased range of motion plaintiff was sent back to New Bridge Medical Center for further evaluation by orthopedic specialist, Nicholas Richard Delaney, M.D. On October 9, 2018 Dr. Delaney referred Plaintiff for an MR Arthrogram of his right shoulder, which confirmed a Hill-Sachs deformity, a torn rotator cuff between the supraspinatus and infraspinatus tendons, a tear of the inferior glenoid labrum and partial tear of the biceps tendon.

21. Due to his wrongful imprisonment and prolonged incarceration Plaintiff has been deprived of the ability to seek further definitive medical, surgical and therapeutic care for his severely injured right shoulder, which has caused persistent and severe pain, decreased range of motion, stiffness, weakness, and permanent disability to his right dominant arm.

22. As a result of his wrongful arrest Plaintiff has remained incarcerated at the Essex County Correctional Facility located at 354 Doremus Avenue, Newark, New Jersey 07105 from June 25, 2018 until August 13, 2019, a period of approximately 414 days.

23. Plaintiff was released on August 13, 2019 via Court Order of Immigration Justice Mimi Tsankov, who held that deferral of removal under the Convention Against Torture should be granted. The Order confirms that ICE had no basis to arrest Plaintiff and were acting under an erroneous belief that Plaintiff had a final removal order.

24. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, *et seq.*, permits private parties to sue the United States for torts committed by employees of the federal government while acting within the scope of their employment. Under the FTCA, the United States is liable for tort claims in the same manner and to the same extent as a private individual would be under the circumstances. 28 U.S.C. §2674. Because ICE's tortious conduct against the Plaintiff occurred in New York, this state's tort law will apply. *Fed. Aviation Admin. v. Cooper*, 132 S.Ct. 1441, 1455 (2012).

25. ICE agents have an obligation to reasonably investigate and determine whether they have probable cause that a subject of enforcement is removable from the United States, prior to making an arrest and/or detainer. As part of these obligations, the government must reasonably investigate that an individual does not have a claim as an asylee or legal immigration status before exercising its enforcement authority.

26. ICE falsely arrested the plaintiff, used excessive force in making the arrest, and falsely imprisoned the Plaintiff by performing an unlawful immigration arrest absent probable cause and/or legal basis, which caused Mr. Reeves to suffer profound mental and personal harm and to be detained in prison for 414 days. During this time plaintiff was subject to chronic shoulder swelling, pain and limited range of motion, was placed in solitary confinement on 3 separate occasions, segregated from the general

7

population on multiple occasions, the subject of verbal harassment, was deprived food, subject to shakedowns, loss of property, and cruel and inhumane punishment.

27. Had ICE not engaged in such tortious conduct, Plaintiff would have never been subject to 414 days in prison, suffered lost wages, or emotional and physical pain and suffering.

28. Prior to issuing the arrest order on June 25, 2018 ICE negligently failed to either interview the Plaintiff or properly investigate his immigration status. ICE had all records necessary to determine that there was no order of removal and that Plaintiff's immigration case had been administratively closed.

29. As a result of ICE's negligence, Plaintiff suffered a loss of liberty by being detained for 414 days in prison, severe and debilitating to his shoulder, emotional pain and suffering and lost wages.

### Plaintiff's Immigration History

30. Michael Reeves was born on June 4, 1969 in Liberia, Africa. On April 26, 1986 Plaintiff lawfully entered the United States to live in the custody of his mother, a U.S. citizen.

31. Over 20 years before his June 25, 2018 arrest, the Department of Homeland Security ("DHS") issued a prior order of removal on November 27, 1997, which stemmed from a drug conviction that took place when Plaintiff was 18 years old.

32. As a result of the prior removal order Plaintiff was deported from the United States back to Liberia on January 30, 1998. At that time Liberia was amid a violent civil-war, which led to the rise of Liberian President Charles Taylor, a ruthless military dictator infamously linked to the African "blood diamond" trade in Sierra Leone,

and whom is currently serving a 50-year jail sentence at The Hague prison in the Netherlands for his war crimes and human rights atrocities.

33. On or about July of 1998 Mr. Reeves fled Liberia and reentered the United States seeking asylum due to a significant fear for his life if he remained in Liberia. At this time Plaintiff's sister, Agnes Taylor, had becomes romantically involved with, and ultimately married, then-dictator Charles Taylor, and Plaintiff's brother, Cindor Reeves, had become deeply involved in the "blood diamond" trade as diamond smuggler for the Liberian Dictator. Due to his close family ties to then-dictator Charles Taylor Plaintiff, fearing for his life, made the decision to escape Liberia and his family's close ties to the blood diamond trade and ongoing criminal enterprise. Instead of acquiescing to then-President Taylor's demands Mr. Reeves, at only 21 years old, chose to flee Liberia knowing that if he ever returned he would be tortured or murdered by the Taylor Regime.

34. From 1998 through 2014 Plaintiff lived and worked in the United States. In 2014 Plaintiff came into contact with immigration authorities and was arrested and charged with illegal reentry, which was dismissed by the District Court for the Eastern District of New York.

35. As a result of his 2014 arrest DHS attempted to reinstate Mr. Reeve's prior order of removal, which was denied. The denial was based on Mr. Reeves' fear of being returned to Liberia given his close family ties to Charles Taylor. Plaintiff was interviewed by an asylum officer who found the threat of death and/or torture was legitimate and entirely reasonable, and Plaintiff was placed in withholding-only proceedings, thus makingPlaintiff's prior final removal order no longer final. Under New York law, a prior final removal order is no longer final when an immigrant is placed into

9

pending withholding-only proceedings as was the case of Mr. Reeves (see *Guerra v Shanahan*, 831 F. 3d [2d Cir. 2016]).

36. On July 21, 2016 Mr. Reeves had a Master Calendar hearing before Immigration Justice Vivienne Gordon-Uruakpa, which he was unable to attend due to a medical emergency stemming from a prior failed hernia surgery. As a result, Mr. Reeves' immigration case was administratively closed indefinitely by Immigration Justice Vivienne Gordon-Uruakpa.

37. Due to the administrator closure of his case, which is not the same as termination, Mr. Reeves remained in immigration proceedings and his prior order of removal was never reinstated.

38. After Mr. Reeves's wrongful arrest on June 25, 2018 his immigration attorney, Miriam D. Lacroix, Esq. filed a motion to re-calendar. Justice Gordon-Uruakpa ruled against DHS in that proceeding and returned the case to active docket and held that Mr. Reeves "is *prima facie* eligible for Deferral of Removal under the UN Convention Against Torture pursuant to 8 CFR §208.17" due to the fact that Plaintiff "is more likely than not to be tortured or killed if he is returned to Liberia" (see Motion to Recalendar Order of Justice Gordon-Uruakpa).

39. In sum, ICE agents mistook the administrative closure of Mr. Reeves' case for a termination, and they acted upon that mistaken notion when they engaged in Plaintiff's wrongful arrest on June 25, 2018. On August 13, 2019 Immigration Justice Mimi Tasnkov granted Plaintiff a deferral of removal under the Convention Against Torture, further supporting the impropriety of his arrest.

## **CAUSES OF ACTION**

10

## FIRST CLAIM FOR RELIEF
## Against the United States of America
(FTCA Claim of False Imprisonment / False Arrest)

40. Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

41. This claim is brought pursuant to 28 U.S.C. §§ 2671 *et seq.*

42. The issuance of an ICE arrest order on June 25, 2018, which was based upon an erroneous order of removal that was never reinstated, was a limitation on the freedom of the plaintiff constituting a wrongful arrest, detention and imprisonment.

43. ICE's agents, officers, servants, and employees – including but not limited to Officer Santana, badge #: H-7087; Officer Chan, badge #: S 6667; Officer Aguilera, Jr., badge #: 6796; Officer Callender, badge #: 1114; unknown ICE officer #1; and unknown ICE officer #2 – caused or produced an unreasonable restraint on the liberty of Plaintiff through their arrest, detention and imprisonment on June 25, 2018, thereby depriving Plaintiff of his liberty for a period of 414 days where he was a prisoner in the Essex County Correctional Facility in Newark, New Jersey.

44. ICE's agents, officers, servants, and employees – including but not limited to Officer Santana, badge #: H-7087; Officer Chan, badge #: S 6667; Officer Aguilera, Jr., badge #: 6796; Officer Callender, badge #: 1114; unknown ICE officer #1; and unknown ICE officer #2 – caused or procured the restraint on the liberty of Plaintiff through the issuance of an erroneous immigration arrest order and/or detainer, enlisting agents of the State of New York to further Plaintiff's restraint on liberty.

45. ICE's agents, officers, servants, and employees – including but not limited to Officer Santana, badge #: H-7087; Officer Chan, badge #: S 6667; Officer Aguilera,

11

Jr., badge #: 6796; Officer Callender, badge #: 1114; unknown ICE officer #1; and unknown ICE officer #2 – acted without reasonable grounds to believe that either an offence was committed by the Plaintiff or that a valid order of removal existed, and in doing so caused Plaintiff's liberty to be restrained without having probable cause to believe that Plaintiff committed an immigration violation or crime.

46. ICE's agents, officers, servants, and employees– including but not limited to Officer Santana, badge #: H-7087; Officer Chan, badge #: S 6667; Officer Aguilera, Jr., badge #: 6796; Officer Callender, badge #: 1114; unknown ICE officer #1; and unknown ICE officer #2 – act of issuing an arrest order and detainer caused Plaintiff to be wrongfully imprisoned in the Essex County Correctional Facility, which was unreasonable under the circumstances.

47. ICE's agents, officers, servants, and employees – including but not limited to Officer Santana, badge #: H-7087; Officer Chan, badge #: S 6667; Officer Aguilera, Jr., badge #: 6796; Officer Callender, badge #: 1114; unknown ICE officer #1; and unknown ICE officer #2 – also failed to reasonably investigate whether Plaintiff had a valid order of removal before exercising their civil immigration authority against the Plaintiff.

48. As a proximate and reasonably foreseeable result of the actions by ICE's agents, officers, servants, and employees – including but not limited to Officer Santana, badge #: H-7087; Officer Chan, badge #: S 6667; Officer Aguilera, Jr., badge #: 6796; Officer Callender, badge #: 1114; unknown ICE officer #1; and unknown ICE officer #2 – Plaintiff has suffered damages including severe and permanent injuries to his right

12

shoulder, severe and permanent mental and physical pain and suffering, loss of liberty, lost wages, and 414 days in prison.

## SECOND CLAIM FOR RELIEF
### Against the United States of America
(FTCA Claim of Negligence)

49. Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

50. ICE's agents, officers, servants, and employees – including but not limited to Officer Santana, badge #: H-7087; Officer Chan, badge #: S 6667; Officer Aguilera, Jr., badge #: 6796; Officer Callender, badge #: 1114; unknown ICE officer #1; and unknown ICE officer #2 – had a duty to reasonably investigate Plaintiff's immigration status, including the presence and/or validity of a prior removal order, in order to establish probably cause that Mr. Reeves was removable from the United States, before exercising its enforcement authority through issuance of an immigration arrest and detainer against Plaintiff.

51. ICE's agents, officers, servants, and employees – including but not limited to Officer Santana, badge #: H-7087; Officer Chan, badge #: S 6667; Officer Aguilera, Jr., badge #: 6796; Officer Callender, badge #: 1114; unknown ICE officer #1; and unknown ICE officer #2 – breached their duty to reasonably investigate Plaintiff's immigration status before issuing an arrest and/or detainer against Plaintiff. ICE's agents, officers, servants and employees breached their duty to establish probable cause that Plaintiff was removable from the United States before making an arrest or detainer against Plaintiff.

52. As a proximate and reasonably foreseeable result of the actions of ICE's agents, officers, servants, and employees – including but not limited to Officer Santana, badge #: H-7087; Officer Chan, badge #: S 6667; Officer Aguilera, Jr., badge #: 6796; Officer Callender, badge #: 1114; unknown ICE officer #1; and unknown ICE officer #2 – Plaintiff suffered damages including 414 days of imprisonment, severe and permanent right shoulder injuries, severe and permanent physician and emotional pain and suffering, and lost earnings.

### THIRD CLAIM FOR RELIEF
### Against the United States of America
(FTCA Claim Of Excessive Force)

53. Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

54. ICE's agents, officers, servants, and employees – including but not limited to Officer Santana, badge #: H-7087; Officer Chan, badge #: S 6667; Officer Aguilera, Jr., badge #: 6796; Officer Callender, badge #: 1114; unknown ICE officer #1; and unknown ICE officer #2 – had a duty to use reasonable force during the arrest and detention of individuals living in the United States where a valid current order of removal had been ordered.

55. ICE's agents, officers, servants, and employees – including but not limited to Officer Santana, badge #: H-7087; Officer Chan, badge #: S 6667; Officer Aguilera, Jr., badge #: 6796; Officer Callender, badge #: 1114; unknown ICE officer #1; and unknown ICE officer #2 – breached their duty to Plaintiff by using excessive and unnecessary force during the June 25, 2018 arrest of the Plaintiff outside his home in the Bronx, New York at 10:00 a.m. in broad daylight. During the arrest the aforesaid ICE

agents were dressed in plain clothes and displayed no badges or other identifying information that they were ICE agents. Furthermore, during the course of the arrest ICE agents assaulted plaintiff from behind without any warning, employed a choke-hold type maneuver and slammed Plaintiff to the ground with such force as to fracture and dislocate his right shoulder. The ICE agents proceeded to handcuff Mr. Reeves' right arm behind his back, inflicting excruciating, unrelenting and wholly unnecessary pain and trauma to plaintiff for multiple hours afterward. Despite Plaintiff's pleas for mercy, the ICE agents dismissed his cries of pain and called him a "liar" and "faker".

56. As a proximate and reasonably foreseeable result of the excessive and unnecessary force used by the ICE agents during Plaintiff's June 25, 2018 arrest, plaintiff was caused to suffer serious and permanent injury to plaintiff's right shoulder, which was fractured and dislocated, as well as substantial mental and physical trauma, loss of liberty and mental and physical pain and suffering.

### FOURTH CLAIM FOR RELIEF
### Against the United States of America
(FTCA Intentional Infliction of Emotional Distress or in the Alternative Negligent Infliction of Emotional Distress)

57. Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

58. Despite Mr. Reeve's constant assertions and offers of proof that he was lawfully living in the United States, ICE's agents, officers, servants, and employees – including but not limited to Officer Santana, badge #: H-7087; Officer Chan, badge #: S 6667; Officer Aguilera, Jr., badge #: 6796; Officer Callender, badge #: 1114; unknown ICE officer #1; and unknown ICE officer #2 – intentionally and/or negligently took Plaintiff into federal custody without legal basis. They also unnecessarily delayed the

processing of his information and release. ICE agents denigrated, threatened and insulted Mr. Reeves as he objected to his treatment, denying him humanity and threatening to deport him without cause.

59. These actions carried out by ICE agents in a relation or position of power with respect to Mr. Reeves were outrageous.

60. Defendant, through the aforesaid ICE agents, intended to cause or negligently caused Mr. Reeves emotional distress during their wrongful arrest, and subsequently during their detention of plaintiff, and in holding Plaintiff in hand cuffs for multiple hours after his right shoulder was fractured and dislocated causing excruciating physical, mental and emotional trauma.

61. Defendant's conduct was designed to cause and naturally did cause severe emotional distress, including pain and suffering, trauma, worry, anxiety, humiliation, embarrassment and depression, which upon information and belief is serious and permanent in nature. Mr. Reeves has had and continues to have physical and emotional symptoms including pain, loss of sleep, fatigue, anxiety and depression, which was exacerbated during his wrongful imprisonment for 414 days in the Essex County Correctional Facility.

### FIFTH CLAIM FOR RELIEF
### Against the United States of America
(FTCA Violation of Fourth and Fourteenth Amendment [42 U.S.C. § 1983– Unreasonable Search and Seizure)

62. Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

63. The Fourth Amendment to the U.S. Constitution prohibits "unreasonable searches and seizures." The Fourth Amendment's guarantees are applied to the States through the Fourteenth Amendment.

64. It has been clearly established that a police officer must have probable cause to arrest an individual suspected of being a removable noncitizen.

65. Defendant, through ICE's agents, officers, servants, and employees – including but not limited to Officer Santana, badge #: H-7087; Officer Chan, badge #: S 6667; Officer Aguilera, Jr., badge #: 6796; Officer Callender, badge #: 1114; unknown ICE officer #1; and unknown ICE officer #2 – effected an unreasonable search and seizure and deprivation of liberty in violation of Mr. Reeves' Fourth and Fourteenth Amendment rights when they wrongfully arrested, detained and imprisoned Mr. Reeves on June 25, 2018 until August 13, 2019 a period of 414 days in prison.

66. As a proximate and reasonably foreseeable result of the actions of ICE's agents, officers, servants, and employees – including but not limited to Officer Santana, badge #: H-7087; Officer Chan, badge #: S 6667; Officer Aguilera, Jr., badge #: 6796; Officer Callender, badge #: 1114; unknown ICE officer #1; and unknown ICE officer #2 – Plaintiff suffered damages including severe and permanent right shoulder injuries, severe and permanent mental and physical pain and suffering, loss of earnings and loss of liberty, including 414 days in prison.

**SIXTH CLAIM FOR RELIEF**
**Against the United States of America**
(FTCA Negligent Hiring, Screening, Retention, Supervision and Training)

67. Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

17

68. Defendant United States had a duty to manage, control and supervise ICE agents, servants and employees – including but not limited to Officer Santana, badge #: H-7087; Officer Chan, badge #: S 6667; Officer Aguilera, Jr., badge #: 6796; Officer Callender, badge #: 1114; unknown ICE officer #1; and unknown ICE officer #2.

69. Defendant United States had a duty to hire qualified and sufficient personnel in connection with the operation, management control, teaching and/or supervision of ICE agents, servants and employees – including but not limited to Officer Santana, badge #: H-7087; Officer Chan, badge #: S 6667; Officer Aguilera, Jr., badge #: 6796; Officer Callender, badge #: 1114; unknown ICE officer #1; and unknown ICE officer #2.

70. Defendant United States had a duty to train ICE agents and employees so as to enable them to properly engage in immigration enforcement activities and make lawful and appropriate arrests and/or detentions.

71. Defendant United States had a duty to promulgate proper and/or adequate rules and regulations governing the proper care, guidance and/or supervision to be provided and rendered by those agents, servants, officers and employees hires as ICE agents.

72. Defendant United States owed Plaintiff a duty to prevent him from being assaulted and battered by employees of ICE while acting within the scope of their employment.

73. Defendant United States and/or said ICE entitles were negligent, careless and reckless in individually and collectively breaching each and every duty owed to Mr. Reeves.

74. The occurrences claimed herein were caused solely by reason of the negligence of defendant United States by its' ICE agents and employees without any fault or negligence on the part of Plaintiff.

75. As a proximate and reasonably foreseeable result of the actions of ICE's agents, officers, servants, and employees – including but not limited to Officer Santana, badge #: H-7087; Officer Chan, badge #: S 6667; Officer Aguilera, Jr., badge #: 6796; Officer Callender, badge #: 1114; unknown ICE officer #1; and unknown ICE officer #2 – Plaintiff suffered damages including 414 days of imprisonment, severe and permanent right shoulder injuries, severe and permanent physician and emotional pain and suffering, and lost earnings.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Michael Reeves, does hereby pray that judgment be entered in his favor and against the Defendant as follows:

1) Medical expenses, lost wages, pain and suffering, mental and emotional distress, future impairment, loss of earnings and loss of enjoyment of life totaling TEN MILLION ($10,000,000.00) DOLLARS; and

2) Costs and attorneys fees incurred in this civil action, together with such further and additional relief at law or in equity as this Court may deem proper.

DATE:  Bronx, New York
       September 18, 2019

*Kyle Newman*, Esq. (2547)
JAMES NEWMAN, P.C.
Attorneys for Plaintiff
2815 Waterbury Avenue
Bronx, NY 10461
(718) 823-3122